And we'll start right away with In Re SVB Financial Group, case number 25567. And I understand, Mr. Carr, are you here? Yes, Your Honor. And okay, please proceed. Thank you, Your Honors, and may it please the Court. For three overriding reasons, a straightforward construction of the Bankruptcy Code and related principles compels the conclusion that the FDIC has forfeited the claims underlying its asserted right of setoff. First, as the FDIC now concedes, the claims underlying its asserted right of setoff plainly fall within the Code's expansive definition of claim in Section 1015. The Bankruptcy Court rested its decision on the opposite premise, but the FDIC does not even attempt to defend that ruling here. Second, as claims under the Bankruptcy Code, the FDIC's claims are subject to the same allowance rules as other claims. The right to setoff is simply a means of effectuating mutual debts, but there can be no setoff without an allowed claim to begin with. And third, the FDIC's attempt to avoid that conclusion based on Section 553 of the Code fails. Section 553 simply preserves the right of setoff under state laws. As the text of Section 553A1 itself makes clear, claims subject to setoff must still be allowed, and that's exactly what the Third Circuit held in the Continental Airlines case. As that court put it, and I'm quoting here, the right to setoff must be exercised by the creditor in a timely fashion and in accordance with other provisions of the Bankruptcy Code. Now, regarding the question, now, the FDIC here was not intending to seek an affirmative recovery in the bankruptcy proceeding, correct? I don't think that's correct, Your Honor. I mean, to begin with, the defense is— The FDIC was seeking an affirmative recovery in the bankruptcy proceeding? It had a claim, Your Honor, and its claim— My question is, was it seeking a recovery in the bankruptcy proceeding, an affirmative recovery in the bankruptcy proceeding? So it didn't file a proof of claim, Your Honor, and that's why we're in this position. You're not answering my question, Counselor. Well, I am. I'm saying no. Well, I'm saying yes, it was in this sense, Your Honor. It had a claim under the Bankruptcy Code. The Bankruptcy Code in no way distinguishes between offensive claims and defensive claims. In fact, the definition— Why would a party submit a proof of claim in a bankruptcy proceeding if it was not going to seek a recovery in the bankruptcy proceeding? So Your Honor, the reason why Congress established that scheme was to first identify all claims that pertain to the debtor and its estate, and secondly, to resolve all those claims, provide notice of all those claims in one proceeding. Now, this is particularly important here because at issue is the $2 billion in deposits that the FDIC seized from SVP. Those are all part of the bankruptcy estate. It's a critical part of the estate. And whether or not SVP ends up writing a check to the FDIC or the FDIC uses those funds to offset something, that's directly impacting the bankruptcy risk. And so therefore, it was— SVP had already paid out $15.7 billion to the uninsured depositors of SVP, right? I believe it did, Your Honor, but it had no right to keep SVP's deposits. It put it in a different situation. And that's a key part of the bankruptcy risk. And that's why the Third Circuit held correctly that under the Bankruptcy Code, all claims have to go through the same claims allowance process. Part of the bankruptcy risk is the claim to the money, right? The money is actually titled to the bank, not to the debtor. It is part of the bankruptcy risk, Your Honor, absolutely. The claim to the funds, right? And the claim to the funds, absolutely. Right, but the claim to the funds is subject to defenses, right? You'd never make this argument about defenses. So if you and I have a contract and I never paid you and you think you have a claim for breach of contract, you have a claim. That's an asset, a claim against me for breach of contract, but it wouldn't extinguish my right to say that actually you failed to perform and I didn't need to pay you if I don't file that defense as a proof of claim, right? That's right, Your Honor. I mean- But defense works that way. And in fact, you could imagine that being either a defense or an affirmative claim. Maybe I thought that your performance was so bad that you actually owe me damages. If I want to recover something from you, I would have to assert it affirmatively as a  But if it's a defense to liability, that would never be extinguished. So if you bring an action against me for breach of contract to recover the money you say that I owe you, if my defense is I don't actually owe you the money because you breached first, that wouldn't be extinguished. And so if the state law allows set off as a defense, why shouldn't it work the same way? Well, I think, I mean, one thing is, Your Honor, I mean, this court in the Lehman Brothers case characterized set off as a permissive counterclaim. And that's really the way it works. I mean, if you look at the claims here, they're just like traditional claims. The FDIC is asserting them against the bank here. And you know, that's a claim under the bankruptcy code. But why should we understand it that way? Like I'm saying, so if I want to get more from you than what's already in my possession, then certainly I do have to bring it as a counterclaim. But if I'm just trying to defend against your claim to get money from me on the ground that I don't actually owe you that money and get to keep it in my possession, why wouldn't we understand that as a defense? Like isn't this the kind of thing that could be made as a claim or as a defense? So I think you'd go to the definition of claim in 101.5, Your Honor, of the code. And that makes clear that a claim is any right to payment. It's extremely expansive, as the Supreme Court said in the Johnson case, or enforceable obligation. Right, but so, but why wouldn't I understand that to mean a right to payment, meaning that I want money to change hands? So if you're suing me for breach of contract, I don't actually want a payment for you. I'm just saying you're not entitled to a payment from me, right? That kind of a thing could be raised as a defense without saying that I have a right to payment from you. Well, I think that the Supreme Court in the Johnson case, Your Honor, said right to payment or enforceable obligation. And that's what the FDIC is asserting against SVP here. And again, this goes to $2 billion, which are a key part of the bankruptcy risks. And so the question is, and the Third Circuit recognized this in the Continental Airlines cases, is that completely outside of the claims allowance process or not? Where does the right to payment arise in this case? I thought it was California law. Well, the FDIC is asserting a right of set off under California law, Your Honor. It's asserting a right to be paid based on alleged breaches of fiduciary duty and the like. And it's asserting entitlement to $2 billion in funds that it seized. And just to be clear, if the trust wins this case, the money at issue, the $2 billion, will go directly to creditors. If the FDIC wins this case, it will go to the FDIC. And that's not the way the bankruptcy process is intended. So can I go back? Can I go back? I'm sorry. Go ahead, Judge Mnuchin. I was going to say, sometimes that is how the bankruptcy code works, right? So there's a very small window for avoiding a preferential transfer because sometimes the bankruptcy code says, oh, if you were just repaying a bona fide debt, we're going to leave well enough alone, unless it's within the 90 days of bankruptcy, right? And so why wouldn't we understand that the bankruptcy code is making the same judgment as to a set off if it's a bona fide debt that the creditor is retaining, the money the creditor is retaining? It doesn't make sense to say we're going to send it back to the debtor just to achieve a kind of ideal equal distribution among creditors, as long as we don't think that there's something fraudulent going on. So I think the code answers that question, Your Honor. I mean, again, if you go to 553, which is the provision that the FDIC primarily relies upon, I mean, it says that the right to set off is not affected by the code. That just means that state law is in displace, but then it goes on to say that there's no right of set off unless you have an allowed claim. Well, it doesn't say unless you have an allowed claim, it says that there is a right of set off unless the claim is disallowed, and that's consistent with the idea that if you're trying to affirmatively recover money from the estate as a set off, that you might file a proof of claim. It doesn't necessarily mean that if you're asserting it defensively, it would be allowed or disallowed, right? Well, I don't think that's- I mean, sometimes the code says something like it must be allowed, but like in this case in 553, it says we preserve the right of set off unless it's specifically been disallowed. Well, the code makes clear, first, it identifies what are claims within the process of the code, and then secondly, what claims are allowed. The code at 502 B9 makes clear that an untimely claim is not allowed. Rule 3002 of the bankruptcy rules makes clear that you must file a proof of claim for it to be allowed, and so this notion that anyone who has a claim within the meaning of the bankruptcy code can simply opt not to participate in that process, I mean, that's antithetical to the way that the bankruptcy process works. So why isn't it? I mean, I guess I don't know if I got an answer to that question about raising a defense to liability. So if an asset of the estate is a claim for breach of contract, and the creditor against whom the estate believes that claim has a defense to the liability, it's true that it would extinguish the value of the claim if that defense were to succeed, but you would never say that it would have to file a proof of claim to preserve its defense to liability, right? So I think one thing about that, Your Honor, is that would be a recruitment, not set off recruitment is a defense in the same- Yeah, I understand. So actually, so in my hypothetical, it's about a breach of contract claim, and the defense is that actually you've reached as part of the same transaction. So I get that, but why should it be a different result if we had two separate transactions and it works the exact same way? Because state law allows me to raise as a defense to your claim that we had a prior transaction in which you owe me money, and so I get to retain the money that's in my possession. Well, I think for traditional defenses, Your Honor, like a statute of limitations or something like that, but if we're talking about what is in essence a counterclaim, which is the way that this court itself has described the set off, I think it's different. And to be clear here, the FDIC has acknowledged that its claims arise from a different transaction or occurrence than the bank's claim against, trust claim against the FDIC itself. These are completely different claims. And you start with this question of whether what the FDIC is asserting is a claim within the meaning of the Bankruptcy Code. So may I go back- Yes, Your Honor. May I go back to your answer to my question about California law, which is one source of the definition of claim, at least in the context of this particular case, right? You would agree with that? I agree that the right to set off comes under California law. The question of what's a claim comes- Well, as I understand it, the defendant can only assert under California law, but maybe I'm no expert in this area of California law, can only assert the set off defensively to defeat a plaintiff's claim. So it's not, California does not regard this as a claim. It regards this as an avenue to defeat a claim. What's your answer to that? My answer to that is Section 1015 of the Bankruptcy Code, which governs what is a claim for these purposes. You know, how the set off right works is a matter of state law, but whether or not what the FDIC is asserting is a claim under the Bankruptcy Code- But you referred, Mr. Garrett, you referred to the language, which I agree with that. And you referred in the first instance to a right to payment and as the, really the central definition for our purposes of a claim. And California law seems not to define a defensive set off as a right to payment. It defines it as something else. So what the Supreme Court said in the Johnson case interpreting this language, Your Honor, is it's extremely broad and that it refers to any enforceable obligation and that would apply here. It doesn't matter whether it's disputed or not, liquidated or not, contingent or not. You know, all of those things would apply here. And the FDIC itself concedes that what it is asserting is a claim within the meaning of the Bankruptcy Code. The Bankruptcy Court got that wrong. Well, your understanding of claim would apply also to a recoupment claim, right? Or to a defense to liability, like I was describing. It would apply to recruitment, certainly, Your Honor. I mean, there's separate rules- So if recoupment is a claim and you're acknowledging that it doesn't have to be raised in a proof of claim, then it means that there's some things that meet your definition of claim that don't need to be subject to a proof of claim. Well, I don't think I've acknowledged that, Your Honor. I mean, I would ask first, is this a claim? And then you have to, you know, if it is, then you have to file a timely proof of claim or it's not allowed. So even for a recoupment defense, you're saying it needs to be, a timely proof of claim needs to be filed? I think it would. I mean, you know, again, look at the other circuits that have addressed this issue. I don't think they've disputed it, that the, you know, claim underlying the right of set-off. The set-off is just a mechanism. It's the claim underlying it. Is a claim within the meaning of the Bankruptcy Code? I mean, certainly the Third Circuit recognized that in the Continental Airlines case. And if you go through the Bankruptcy Code, again, 553, the set-off provision refers to the claim being disallowed. As I just described it, that you have a claim against me for breach of contract because I never paid you. But I think we all understood that since you never performed, I didn't have to pay you. How would I even know that I have a claim against you unless you come after me for the payment? So, I mean, here, first, Your Honor, it's undisputed that the FDIC knew that it had claims and simply decided not to assert them. That's at SPA 191 to 92. I mean, if you didn't know about it, then you'd have a defense of excusable neglect, which would excuse the failure to file a timely notice proof of claim. And then second, just to be clear on the hypothetical, you know, set-offs are different. They arise out of a different transaction or occurrence. So, it's not like a traditional defense, whether you call it recruitment or something else. I understand, but so in my hypothetical, there's one contract between us and you think I breached and I think you breached. But what I guess I don't get is why it would be very different if there were two contracts between us. And I think that your breach allows me to set off your claim for my breach on the other contract. So, I think in your hypothetical, Your Honor- Especially if the state law allows me to do that. Right. What you would be asserting as a counterclaim, I would say you breached the contract and you would counterclaim and say, no, I breached the contract. That would be a counterclaim. That would be a claim within the meaning of the bankruptcy code. And it would be just like the claim here. I mean, this court, again, in the Lehman Brothers case, described set-offs as permissive counterclaims. They're traditional claims in every sense, except at the end of the day, you have the opportunity to set off a mutual debt. And this case would be no different if the FDIC was asking the SVP bank or trust to write a check to it versus canceling off this two billions of dollars, which is at the heart of the bankruptcy race and which should be distributed to creditors through the bankruptcy process. And really- Can I ask, so if that's the way it works, then what is 553 doing, you think? Yeah. So, first of all, it's doing something really important. It's making clear that the bankruptcy code doesn't override the state laws governing right to set off. And this is something going back centuries in equity. And so it's really important. Second, it also interplays with section 542 of the bankruptcy code, which is the turnover action. You actually are saying it kind of overrides the state law, right? Because if California allows you to raise the set-off defensively, you're saying no, but the bankruptcy code treats that as a claim. And therefore, it's subject to a proof of claim and will be extinguished unless it's recognized in the plan. Well, I think that's an important point, your honor. I agree in that respect because that's what the code requires. And 553 itself makes that clear by saying, like, look, this does not affect the right to set off, which comes under state law. The Supreme Court made that clear in the Strumpf case. So then there only is a right of set off if it's recognized in the plan, right? But in order to exercise that right to set off, it doesn't work if the claim is not allowed. I mean, that's what 553A1 itself makes clear. And 506A1 makes that clear, too, when it says that a claim that is allowed is a secured claim for purposes of set off, an allowed claim of a creditor that is subject to set off under 553. And again, that makes clear that- And is that clear that it's an affirmative or defensive set off? It says an allowed claim, your honor. I mean, the affirmative or defensive concept is not found in the code. It's actually contradicted by the language of 101.5 that we've referred to. It's something that's invented by the courts, and it doesn't really make any sense because any set off right or assertion of a set off is by its nature defensive. So we've let you go well past your time. We'll hear from the FDIC. I know you've reserved some time for rebuttal, and I thank you. So we'll hear from the FDIC. Ms. Agnibeni. Good morning. May it please- Thank you. Good morning. May it please the court, Michelle Agnibeni on behalf of the FDIC as receiver for Silicon Valley Bank and Silicon Valley Bridge Bank, N.A. I think that Mr. Garr made clear that we agree with SBB Financial on one point. We think the plain language of the code controls this matter. But where we differ is that we think that the specific provision directed at set off, Section 553, should be the touchstone here. Section 553A says this title does not affect any right of a creditor to offset a mutual pre-petition debt except as provided in that section. Like pretty much every court to address it, we think Section 553 means what it says. If a creditor satisfies the requirement of the section, its right to assert set off is unaffected by any other provision, including those that could be construed as requiring a proof of claim or discharge. Applying the plain text of Section 553A doesn't result in any extreme disruption of the bankruptcy process and that's because set off is typically defensive and requires no payment from the estate. They're just looking to reduce or extinguish- What's the function of that first provision that says you don't get the right of set off if the claim was not allowed? I think, well, actually, just to clarify, that provision says that a claim must not have been disallowed. And disallowed is used in a particular way in the code. It means that something has been disallowed after presentation, objection, and disallowance on the merits. When a proof of claim is not filed, it can't be disallowed. There's no revision of that claim. So when would you file a proof of claim for a set off? I think that there are situations in which a creditor is seeking something more than just a dollar for dollar set off. They might be looking for additional relief on top of the set off. And then they would need to file a proof of claim. We don't think that- Because you want to get some actual money from the estate. Exactly. Exactly. They're looking for- So are you saying that when it's raised defensively, it's not a claim for payment? Well, I think that it can be- the claim underlying the set off is a claim under 1015. We would concede that. But the assertion of set off in itself does not act as a claim because there's no right to payment being asserted. So there is an underlying claim. Okay. So you said a moment ago that you're not even defending the view of the bankruptcy court that a defensive set off is not actually a claim. Is that accurate? I think that the bankruptcy court didn't quite say that. There is some language to that effect, but really what the bankruptcy court seems to be driving at, if you read the entire opinion, is that there's a difference between a defensive claim for set off and an affirmative claim for payment. And those are actual words used in the bankruptcy court's decision. So I think that it's not quite that the bankruptcy court thought that the definition of claim had no application, but that the defensive assertion of set off does not involve a right to payment. That you're not seeking a right to payment. So it's not- But isn't right to payment the definition of claim? So if you're saying you're not seeking a right to payment, doesn't that mean it's not a claim? That could be one way of looking at it. But I think that we would concede that there is a claim underlying the set off effect. That must be your primary argument, that it's not a claim. I think that we would concede that there is a claim underlying the set off defense. It's just we have chosen not to assert a right to payment. Meaning that you think that you could have asserted affirmatively a claim for payment from the estate, but your preference is to leave well enough alone. And as long as they don't come after you to recover the money they think they're owed, you're not asserting any claim for payment.  Exactly. Exactly. And that's why the word defensive might apply, but you're also moving away from that. No, no. We would acknowledge that we have asserted it as an affirmative defense. It is a- We have asserted set off as an affirmative defense in the Northern District of California litigation. But we do not think that we needed to file a proof of claim to preserve that affirmative defense. So if you're filing it as an affirmative defense and not as a counterclaim, then isn't your position it's a defense and not a claim? Yes. Yeah, it is a defense. That's the only thing that we've asserted. So it's a defensive set off that you describe as an affirmative defense. I'm just- These words- No, I'm sorry. Yes. Yes. Yes. Yes. It is. I think under California law, it would be described as- It would be categorized as an affirmative defense, but it's not seeking affirmative relief. That's the distinction. We're not seeking affirmative relief. Does it matter that under the relevant law, the assets here are titled to the bank and not to the debtor? So if in fact the estate had title to the funds, you would need to assert a proof of claim because you'd be seeking payment from the estate, right? Yeah. I think that's right. I think that it is important that the estate does not own the funds. It owns a cause of action to try to recover the funds. There is a distinction there. This is money that was in the FDIC's hands at the time the bank failed. And so that is our basis for keeping it in case we can set it off because we thought that we would have claims against the SVB Financial. So when I was saying to Mr. Gar, the analogy to a defense to liability or to a recoupment defense, he pointed out that this kind of a set off is about two different transactions. So if in fact you're raising even defensively to a claim for payment based on one transaction, money that you're owed under a different transaction, why shouldn't we just understand that as a separate claim that needs to be preserved in bankruptcy? Well, I think that Section 553A covers set offs, and set offs by definition are two different transactions. Otherwise, it would be recoupment. And so Congress didn't seem to care that they were two different transactions and preserving them, so I don't think that it should really matter that we're asserting set off versus recoupment because that's not what Congress chose to protect. Okay. So your argument about why 553 allows for the extinguishment of a right of set off if the claim is disallowed, you give meaning to that provision by saying that you have discretion to assert the set off as a claim, but you don't have to, right? Yes. So why would that be? So that means that sometimes you might need to assert it, and it might be disallowed, and so then the code might extinguish a right of set off, but sometimes you could just preserve it offensively. I mean, why shouldn't there just be a uniform rule for how we treat set offs? The code doesn't seem to distinguish between types of set off. No, I think that the code does not distinguish between types of set off. I think, though, that to the extent a creditor is seeking something on top of set off and additional affirmative relief, we don't think Section 553 necessarily would extend to that request for affirmative relief, and so it would need to file a proof of claim to seek that. I think that the courts that have addressed this and have distinguished between defenses and counterclaims, usually the counterclaim did involve some additional affirmative relief that the creditor was seeking, and so that's why that distinction developed. But I suppose if it were a purely dollar-for-dollar set off asserted as a counterclaim, there wouldn't really be a principled basis for distinguishing that or using it as a defense. When you say set off, again, words matter. When you say set off asserted as a counterclaim, so that would be a counterclaim saying whatever we owe them, they owe us as an affirmative claim? Yeah, that is one way to do it. California allows for both ways of asserting set off. It clearly does allow assertion as a… Could you have asserted this defensive claim slash set off as an affirmative claim in the bankruptcy case? I suppose we could have, but we didn't. But if you had, and then it was disallowed, then you wouldn't be able to seek it as under 553. Yes, that's true. And the reason why we didn't, though, there are good reasons outside of the bankruptcy code why we did not file a claim in the bankruptcy. By RIA, our own statute provides for resolution of failed banks, and it provides for jurisdiction in only two courts that can hear claims against the receiver. And knowing that… You wanted to wait for the debtor to come after you affirmatively because you could choose the venue, right? Given the… Well, the statute specifies the venue. It's not that you chose it, but the statute specifies the venue. If you had filed a proof of claim to preserve your claim and it were allowed, you would have gotten extra benefits, right? I don't know that we would have gotten extra benefits. I think it could have been treated as a secured claim and maybe we would have gotten paid, but it's hard to know with that hypothetical. There's a lot of stuff that would have to happen. Let me follow up then with the following question. What is the disadvantage to the FDIC to filing, if any, to filing a proof of claim in this context? I think that then we would have to submit to the bankruptcy court's jurisdiction, which Congress didn't really want us to do, and that's why it restricted jurisdiction over claims against the receivership to two district courts. And we would have to go through the bankruptcy process. And given that we had title to the funds and we had set off written into the deposit agreement, given the huge hit to the diff that was caused by the mismanagement of the bank, it seemed irresponsible to the bank's own creditors to pay over that money just for the chance of getting it back. If I were an ordinary creditor, so not in the FDIC's unique position, what is the disadvantage? I think the same thing is that they would have to go through the bankruptcy process. And Congress said that, you know, many courts have said that creditors shouldn't have to go through that process. Their set off rights are preserved even if they don't file a proof of claim in the bankruptcy. Well, but for the oddity that there's this fight, this firea specifies a different venue for them to recover from the FDIC. Probably the way it would happen with any other creditor is that there'd be an affirmative action or an adversary proceeding within the bankruptcy court. Right. And then the creditor would raise a defensive set off in that to that proceeding. It could happen that way. The courts that have had to address this issue about about set offs, you know, went in the absence of a proof of claim. Obviously, that did not happen. There were just separate actions where debts were trying to be recovered and the set off was asserted. And and so those those situations, the courts found that, you know, proof of claim was necessary because of Section 553 is plain language. And even post-discharge, three courts of appeals held that the set off could be asserted post-discharge. What about what about what about the Third Circuit in Continental? The Third Circuit really limited its its holding to the facts of that case. In fact, it distinguished the two other courts of appeals decisions that it discussed in the Ninth Circuit, De Laurentiis and the Tenth Circuit, Davidovich, based on the differences in facts. They didn't really take issue with their statutory analysis so much. And the facts and it's it's notable that it distinguished it on the facts because in De Laurentiis, a proof of claim was filed, but in Davidovich, no proof of claim was filed. But the reason why the Third Circuit found that it was distinguishable was because there was some notice of the set off defense. And so that's pretty much the situation that we're faced with here. Even more so, we know the FDIC did object to the plan before confirmation. So no discharge actually occurred with respect to the FDIC set off defenses. It also relies on this earlier case, Norton, that says that the funds withheld by the creditor are subject to set off for a property of the estate. And it acknowledges that that principle doesn't survive the Supreme Court's decision in Strumpf. But then it says, oh, but the state has a right to the funds subject to the government's defenses. And so that's why you can't assert the set off. But like, obviously, the defenses include the defensive set off. Right. Right. It makes a lot of sense the way they try to reconcile it with the earlier with Strumpf. Right. I think that Strumpf, you can't really construe it the way that SBB Financial has argued because they say that Strumpf, oh, it preserves set off defenses that are creatures of state law subject to the claims allowance process. I don't know where that subject to the claims allowance process comes from in Strumpf. In fact, in Strumpf. You agree that it's that it's subject to the claims allowance process to some extent. Right. Because you're saying it's possible to file a proof of claim to assert a right of set off and it's possible for that claim to be disallowed. So there is a degree to which it's subject to the claims allowance process. You're just saying that there's this discretion that a creditor with the right of set off has to either file a proof of claim or not. Yes, I think that's right. So you said something about submitting to the jurisdiction of the bankruptcy court or having it decided outside. Is it would it be the case that sometimes there'd be a right to a jury trial on a liability outside the bankruptcy process? But maybe if you file a proof of claim, you wouldn't. Could that be a difference sometimes between the two approaches? Perhaps I haven't looked into that issue specifically. Thank you very much. Thank you. Mr. Gar, you've got three minutes of rebuttal. Thank you, Your Honor. The FDIC says it should be resolved by the text, but it ignores the text. And look at 553A1 again, which makes clear that claims that are disallowed are not subject to set off. The only reasonable interpretation of that is that set off claims are subject to the same claims allowance process as other claims. President, it makes sense that that provision applies only if the creditor submits a claim. No. Hold on. If you submit a claim and it's disallowed, then the decision has been decided against you. But it doesn't mean you have to submit a claim. Right. In no other context would a creditor say, I have the right to decide whether or not to participate in a bankruptcy. Rule 3002 specifically says that a creditor must file a proof of claim. And that principle would run roughshod over the entire bankruptcy code because the whole point is to identify claims, require people to file timely proof of claims, and then resolve those claims in one proceeding. Once proof of claim is filed, you can seek Judge Menashe to refer that to an Article III court. And, you know, they could have filed a proof of claim. And if they wanted to assert that in an Article III court, Southern District of New York, they could have tried that. They didn't. They wanted out of the bankruptcy process because they wanted special treatment apart from all the other creditors. Well, they don't want special treatment. I mean, they're saying, like, if you're coming after the FDIC to get money from their corpus, there's a statute that says where you have to proceed. And they're saying, well, we're going to rest on that. And so we're going to raise it as a defense in that proceeding as opposed to submitting ourselves to the bankruptcy court. I mean, that makes this kind of idiosyncratic. Normally, there wouldn't be such a statute for a creditor. But why is that nefarious? Why isn't that just the way we have the two statutory schemes interacting? Well, they're just wrong about that with respect, Your Honor. If FIREA applies to claims against the FDIC, this court recognized that in the first Millennium case. It doesn't apply to claims brought by the FDIC. The FDIC itself has sued us in the Eastern District of California. But the FDIC is not bringing a claim for setoff. It's just saying our defense to your claim against us for breach of contract is that we have a right of setoff that allows us to retain the funds, right? It has. It's asserting a claim. As this court has described, setoffs are permissive counterclaims in every respect. As the FDIC acknowledged in the confirmation hearing in this case. What does that mean that you're saying they're permissive counterclaims in every respect? I mean, like literally in the proceeding in the Northern District of California, it's being raised as a defense and not a counterclaim, right? That is true, Your Honor. That's the way they label it. When you're describing it as a counterclaim, you're saying we should just decide that based on the nature of things, it really is a counterclaim, even though that's not the way it's treated in the actual legal proceeding. Well, I mean, that's the way this court, your court itself, has characterized it, Your Honor. And that's right. That's the way the law has always looked at setoff claims. I mean, the setoff is just a mechanism for canceling out mutual debts. But states treat the setoff differently, right? There are some states that don't allow an unliquidated setoff claim, right? Like here, you know, for a breach of fiduciary duty, it would require, you know, a fixed amount or something. There are different rules about when and under what circumstances it can be asserted. And if 553 says we're preserving the right of setoff that exists independent of bankruptcy, why shouldn't it be the case that depending on how the right of setoff is treated under the law that applies, that confers on the creditor the right of setoff, that's the way it should be understood, whether it's a defense, a counterclaim, or could be either? Because, Your Honor, 553 itself makes clear that a claim given a right to assert a setoff does not work if the claim is disallowed. And so then you're left with this question of whether you can just opt out of the bankruptcy scheme altogether. In no other situation as to no other creditor would you think that a creditor could just say, like, oh, no, I want out of bankruptcy. I'm not going to file a proof of claim. It makes no sense to construe the code as a claim that is not allowed, is not a claim that is disallowed. But isn't that, again, kind of a feature of the idiosyncratic character of this case? So as I said, in most cases there isn't going to be a statute that provides for venue in a different district from where the bankruptcy is occurring. But so if this were not the FDIC but a normal creditor, instead of suing in the Northern District of California, you'd bring an adversary proceeding in the bankruptcy court to recover, right? And it would come before the bankruptcy court. Well, it could be in any court, Your Honor, because setoff by definition involves a different- Well, but that's what you would be deciding, right? Because you'd be the one recovering. I mean, here the venue provision requires you to go to California. But if there were not that statute, you could bring an adversary proceeding in the bankruptcy court, couldn't you? I think we – FIREA required us to sue the FDIC on our claim. Right, but I'm saying if FIREA didn't exist and you wanted to recover money from a creditor for the estate, you could bring an adversary proceeding in the bankruptcy court. Yes, yes. No, that's right. But the question for the court is whether- So this idea about opting out of the bankruptcy process and not coming before the bankruptcy court, it's only a feature of the idiosyncrasy that FIREA has this venue provision that doesn't allow you to bring the adversary proceeding in the bankruptcy court but requires you to go to the district where the bank was. No, no. It doesn't – that's not right, Your Honor, with respect because they could have filed a proof of claim. They would have had their claims, the FDIC's claims adjudicated in the bankruptcy court or if they had sought referral to the SDNY. And then the result of that proceeding would have applied in the California proceeding. They could have then asserted the set-off and if they- I understand that. But even if the bankruptcy court and the FDIC are right about the way we should understand the nature of a defensive set-off, I'm saying in normal circumstances, it would still come before the bankruptcy court because the debtor could bring an adversary proceeding in the bankruptcy court. The only reason it's happening in a separate court is because of FIREA. I mean, as to our claims against the FDIC, that's why we're in Northern District of California. But that doesn't excuse the FDIC from following the claims allowance process as to its claims which arise out of a separate transaction or occurrence and are what the Northern District of California described as independent actions. They're completely separate. And that's why FIREA is just really a red herring here. It doesn't do any work for the FDIC. The question is under the bankruptcy code, is the FDIC asserting a claim underlying its right to set-off? If it is, then the code makes clear in 553A1 and 506A12 and other provisions that that claim has to be funneled through the claims allowance process. And that's exactly what the Continental Airlines case holds. I mean, the FDIC has tried to distinguish that on factual grounds, but the holding of the Continental Airlines was that under the bankruptcy code, a claim underlying asserted right to set-off is subject to the same timeliness rules and other rules of the bankruptcy code as any other claim. And if it had been different, Your Honor, then the party in that case could have proceeded with its claim. The reason why that claim failed in Continental Airlines is because the court held correctly that claims underlying a right to set-off are subject to the same rules as to other claims. The FDIC decided unilaterally to exempt itself from that process. No other creditor could have done that. And we're simply asking this court to hold the FDIC to the same rules that apply to every other creditor. Thank you very much. Thank you, Your Honor. Thank you, Your Honor.